1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS, | CASE No.   1:12-cv-245-AWI-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FOR DENIAL OF PLAINTIFF'S MOTION FOR LIBRARY ACCESS |
| v. | |
| COUNTY OF KERN, et al., | (ECF No. 7) |
| Defendants. | OBJECTIONS DUE WITHIN FOURTEEN DAYS |
| _____/ | |

Plaintiff Clarence Leon Dews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 19, 2012, Plaintiff filed a motion asking that the Court grant him access to the law library.  (ECF No. 7)  The Court construes this as a motion for injunctive relief.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22, 129 S. Ct. 365, 376 (2008).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter, 555 U.S. at 20).

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original). A party seeking a preliminary injunction simply cannot prevail when that motion is unsupported by evidence. With respect to motions for preliminary injunctive relief or a temporary restraining order, the Prison Litigation Reform Act ("PLRA") provides that:

> [i]n any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.

18 U.S.C. § 3626(a)(2)

Plaintiff asks the Court to order unspecified individuals to provide him access to the law library. Plaintiff has not set forth grounds satisfying any of the prerequisites for injunctive relief. He makes no argument regarding the likelihood of him succeeding on the merits. Plaintiff identified no potential threat of irreparable harm if his request is denied. He does not explain why he needs immediate physical access to the law library. He does not point to any threat of sanctions or any missed deadlines in this action. Finally, Plaintiff has not presented any argument or evidence regarding whether the balance of equities tips in his favor, whether the relief sought is in the public's interest, or whether the relief sought is the least intrusive means necessary to prevent the irreparable harm.

Based on the foregoing, the Court RECOMMENDS that Plaintiff's request for preliminary injunctive relief be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    July 14, 2012                          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE