UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF KERN, et al.,<br><br>Defendants.<br>_____ / | CASE NO.   1:12-cv-0245-AWI-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Clarence Leon Dews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983.

Plaintiff initiated this action on February 21, 2012. (Compl., ECF No. 1.) No other parties have appeared in the action.

Plaintiff's Complaint is currently before the Court for screening.

I. **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

-1-

such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

42 U.SC. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  42 U.SC. § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## II.   SUMMARY OF COMPLAINT

Plaintiff is currently incarcerated at North Kern State Prison.  The events alleged in his Complaint appeared to have occurred at Wasco State Prison.  Plaintiff appears to allege that the following individuals violated his rights under the Eighth and Fourteenth Amendments: 1) County of Kern and 2) City of Wasco.[1]

Plaintiff alleges as follows:

Plaintiff was placed in Wasco State Prison in 2008.  (Compl. at 4.)  While there, a fight occurred between two inmates and several rounds of ammunition were fired by a "blond headed female c/o." (Id. at 5.)  Even though Plaintiff was not involved in the fight, Plaintiff was shot and injured in his left leg and foot. (Id.)  He was taken to the medical clinic but received only basic treatment. (Id.)  Two years later Plaintiff was informed that

---

[1] Plaintiff asks the Court to order Defendant County of Kern to provide the names of the officers involved in the shooting that caused his injuries. (Compl. at 4.)  However, Plaintiff claims in this action appear to relate to general conditions of confinement and to the treatment of injuries sustained in that shooting, not the shooting itself. Thus inquiry into the circumstances of the shooting does not appear likely to prove relevant to the claims made here nor to lead to discovery of evidence admissible in this case. Even if the contrary were true, as stated in the Court's First Informational Order, "No discovery may be conducted without court permission until an answer is filed and the court issues the discovery order." (Emphasis in original) (ECF No. 3.)  If the Court finds Plaintiff's Complaint states a cognizable claim and authorizes service of it and Defendants file an answer, the Court will issue a discovery and scheduling order.  No discovery may be initiated until then.

his leg had actually been fractured. (Id.) Plaintiff's doctors lied to him about the extent of his injuries. (Id. at 6.) Plaintiff's rights under the Eighth Amendment have been violated. (Id. at 7.) Plaintiff is disabled and requires a wheelchair. (Id.) He is a "270 prison custody style, but is held in a 180 style custody prison." (Id.) Plaintiff requires proper accommodation under the American with Disabilities Act. (Id.) Due to his housing situation, he suffers from "physical torment" and could be in danger of physical injury. (Id.) Plaintiff is in danger at his current prison because of constant cell fights and riots. (Id. at 7, 9.)

Plaintiff asks the Court to consider an immediate injunction to transfer him to a prison that can accommodate his needs. (Compl. at 7-8.) Plaintiff asks for declaratory relief and a permanent injunction. (Id. at 8.) He also asks for $75,000 in compensatory damages, $75,000 in punitive damages, a jury trial, and costs. (Id. at 10.)

### III. ANALYSIS

#### A. 42 U.SC. § 1983 Claims

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed .R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B.     Municipal Liability**

The only two Defendants identified in Plaintiff's Complaint are the County of Kern and City of Wasco, both of which are local governments.

A local government is liable under § 1983 only if a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." Edgerly v. City & Cnty. of San Francisco, 599 F.3d 946, 960 (9th Cir. 2010) (quoting Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978)). A local government entity will be liable "only where the entity's policies evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'" Id. (quoting Levine v. City of Alameda, 525 F.3d 903, 907 (9th Cir. 2008)). A policy can be an official policy or one made "by those whose edicts or acts may fairly be said to represent official policy." Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (quoting Monell, 436 U.S. at 694). It can also be a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." Gillette v. Delmore, 979 F.2d 1342, 1348–49 (9th Cir. 1992) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

Thus, to prevail on a § 1983 claim against a municipal defendant, a plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation. See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011). A municipal policy is the "moving force" behind a constitutional violation if it is the proximate cause of the constitutional injury. Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiff has failed to allege municipal liability. Plaintiff does not explain his basis for including the City of Wasco as a Defendant. He does make broad allegations that Defendant County of Kern is responsible for all shootings and other activities within its boundaries, but does not otherwise suggest a basis for liability in accordance with the legal

standards discussed above. If he chooses to file an amended complaint, Plaintiff should review the <u>Monell</u> standard for municipal liability and determine whether he can allege sufficient facts to state a claim under <u>Monell</u> against either of these Defendants.

## C. Eighth Amendment - Conditions of Confinement

Plaintiff makes a general allegation that he is suffering because he has been placed in a prison that cannot accommodate his disability and which has a higher security level than he requires. He also alleges there are fights and riots at the prison.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. See Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious...." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)); Johnson v. Lewis, 217 F.3d 726, 734 (9th Cir. 2000). A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of the minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Second, the plaintiff must make a subjective showing that the prison official knew of and disregarded an excessive risk to an inmate's health or safety. Id. at 837; Johnson, 217 F.3d at 734. Delays in providing showers and medical attention for inmates suffering from harmful effects of pepper spray may violate the Eighth Amendment. Clement v. Gomez, 298 F.3d 898, 905-06 (9th Cir. 2002).

Prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility or to be transferred from one facility to another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976); see also Olim v. Wakinekona, 461 U.S. 238, 244-45 (1983).

Plaintiff has not met either requirement for an Eighth Amendment "conditions of confinement" claim. He makes only general allegations that his Eighth Amendment rights were violated by placement in a "180" prison even though he is a "270" inmate, the prison cannot properly accommodate his disability, and the prison environment is dangerous. Nothing in those allegations enable the Court to determine whether he faced constitutionally unsafe conditions of confinement.

Plaintiff also fails to allege that any party acted with deliberate indifference; he has not even identified an individual defendant who could be held directly responsible for any alleged wrong. Without a responsible party, there cannot be a finding of deliberate indifferent to an unsafe condition of confinement. Plaintiff should review the standards set forth above prior to filing an amended complaint and determine whether he believes he can state a cognizable Eighth Amendment claim against any of the Defendants.

### D.  Fourteenth Amendment

Plaintiff has alleged that his rights under the Fourteenth Amendment were violated, but does not allege whether he is alleging a due process and/or equal protection claim. The Court will analyze Plaintiff's allegations under both standards.

#### 1.  Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Plaintiff has not alleged that he was deprived of a liberty interest and has failed to state a cognizable due process claim.  He generally references the shooting in 2008, inadequate medical care, and unsuitable housing conditions but does not tie the allegations to any liberty interest.

Plaintiff will be given leave to amend this claim.  In his amended complaint, Plaintiff should explain which, if any, hardship amounted to a deprivation of a specific liberty interest and when he was deprived of this interest.

### 2. Equal Protection

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike.  City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985).  An equal protection claim may be established in two ways.  The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here, Plaintiff does not allege that he was part of a protected class and that any Defendants' actions were a result of Plaintiff's membership in a suspect class.  Plaintiff should review the standard set forth above before filing his amended complaint and determine whether he can allege a cognizable equal protection claim.  If Plaintiff does not wish to make an equal protection claim based on his membership in a suspect class, he should review the standard set forth below.

If the action in question does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662,

679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff has not alleged facts to satisfy any of these three factors. He should review this standard before filing an amended complaint, determine which theory of an equal protection claim best applies to him, and then set forth his facts so that the Court may determine if he has a cognizable equal protection claim under either theory.

### E.     American with Disabilities Act

Title II of the Americans with Disabilities Act ("ADA") "prohibit[s] discrimination on the basis of disability." Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dep't of Corrections v. Yeskey, 118 S.Ct. 1952, 1955 (1998); see also Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997); Duffy v. Riveland, 98 F.3d 447, 453-56 (9th Cir. 1996). To state a claim under Title II of the ADA, the plaintiff must allege: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of [his] disability. Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). The Ninth Circuit has held that Title II of the ADA permits prisoners to bring actions against state officials in their official capacities, but not in their individual capacities. See Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (holding

that "Title II's statutory language does not prohibit . . . injunctive action against state officials in their official capacities").

It is not clear from the pleadings whether Plaintiff indeed intends to make an ADA claim. In passing he mentions he is an ADA inmate and that he has had problems because he is in a wheelchair. To state a cognizable claim, Plaintiff must clearly allege facts demonstrating that because of his disability he was excluded from a service, program, or activity that he was otherwise qualified to participate in. Plaintiff must also link an individual defendant to this claim.

### F.   Injunctive Relief

Plaintiff seeks injunctive relief in the form of proper medical corrective care and proper medication. (Compl. at 3.)

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. (citing Munaf v. Geren, 553 U.S. 674, 689–90 (2008)).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any

continuing, present, adverse effects."). Here Plaintiff's concerns for his safety are vague and unclear.

Plaintiff does not address the third or fourth elements, i.e., the balancing of equities and public interest concerns. First, absent a showing sufficient to find harm to Plaintiff, there is nothing to tip the balance of equities in Plaintiff's favor. Second, while the public has an interest in providing the best practical prisoner care, the record before the Court does not justify the Court substituting its judgment in these matters for that of the prison medical staff.

The various criteria not having been met, Plaintiff is not entitled to injunctive relief. The Court will allow leave to amend. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

## IV.    CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983.  The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S. Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at

567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

    Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed February 21, 2012, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   July 14, 2012          /s/ *Michael J. Seng*
                                           UNITED STATES MAGISTRATE JUDGE