UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>            Plaintiff,<br><br>    v.<br><br>COUNTY OF KERN, et al.,<br><br>            Defendants.<br>_____ / | CASE NO.   1:12-cv-0245-AWI-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>(ECF No. 24)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

      Plaintiff Clarence Leon Dews ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. §1983.

      Plaintiff initiated the case on February 21, 2012. (ECF No. 1.) The Court screened Plaintiff's original Complaint and dismissed it, with leave to amend, for failure to state a claim. (ECF No. 13.) Plaintiff has since filed a First Amended Complaint which has not yet been screened. (Am. Compl., ECF No. 18.)

      The Court has not yet determined whether Plaintiff's action states a cognizable claim. The Court has not ordered service or authorized discovery. No other parties have appeared.

-1-

1    Notwithstanding the very early stage at which this litigation remains,  Plaintiff filed
2 a motion for summary judgment on December 4, 2012.  (ECF No. 24.)
3    A plaintiff may not proceed against a defendant, and certainly may not seek a
4 judgement against him, unless and until that defendant has been properly served and other
5 procedural rules are complied with.  The Court will only serve Plaintiff's First Amended
6 Complaint after the Court has screened it and determined that it contains cognizable
7 claims for relief against the named defendants. 28 U.S.C. § 1915(A)(a).  In a case such
8 as this, Plaintiff may not undertake service unless and until the Court screens his complaint
9 and finds it states a cognizable claim. (ECF No. 12 at ¶ 12.)  Further, Federal Rule of Civil
10 Procedure 56 contemplates that, prior to filing a motion for summary judgment, the
11 opposing party should have a sufficient opportunity to discover information essential to its
12 position.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).  This requires
13 that the case be sufficiently advanced in terms of pretrial discovery for the summary
14 judgment target to know what evidence likely can be mustered and be afforded a
15 reasonable opportunity to present such evidence.  Portsmouth Square, Inc., v.
16 Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir .1985).
17    In short, until the above prerequisites are satisfied, Plaintiff's motion is premature.
18 In the event the Court finds that Plaintiff states a cognizable claim and directs service on
19 Defendants and they appear in the action, a discovery order will be entered and a deadline
20 for the filing of dispositive motions will be set.  No  further summary judgment motion shall
21 be filed prior to the issuance of the discovery and scheduling order in this case.
22    For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's motion
23 for summary judgment, filed on December 4, 2012, be DENIED.
24    These Findings and Recommendations will be submitted to the United States
25 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. §
26 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and
27 Recommendations, the Plaintiff may file written objections with the Court.  The document
28 should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: March 16, 2013           /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE