1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CLARENCE LEON DEWS, | ) | Case No.: 1:12-cv-0245-AWI-MJS |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS FOR DISMISSAL OF PLAINTIFF'S ACTION FOR FAILURE TO STATE A CLAIM |
| | ) | |
| v. | ) | |
| | ) | (ECF No. 18) |
| COUNTY OF KERN, et al., | ) | |
| | ) | |
| Defendants. | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

On February 21, 2012, Clarence Leon Dews ("Plaintiff"), an individual proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (Compl., ECF No. 1.)

The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but gave leave to amend.  (ECF No. 13.)  Plaintiff has since filed a First Amended Complaint (Am. Compl., ECF No. 18) which is now before the Court for screening.  No other parties have appeared in this action.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

## II.   PLAINTIFF'S CLAIMS

Plaintiff is incarcerated at Kern Valley State Prison.  The events alleged in his First Amended Complaint appear to have occurred at Wasco State Prison.  The pleading is difficult to decipher.  It suggests that Plaintiff wants to allege that the following individuals violated his Fourteenth Amendment equal protection rights: 1) Unit-Supervisor, 2) blond, white correctional officer, 3) warden at Wasco State Prison, 4) County of Kern, City of Bakersfield, and 5) City of Wasco.

Plaintiff's allegations are summarized, as well as the Court can, as follows:

While Plaintiff was incarcerated at Wasco State Prison, a fight occurred between two inmates and several rounds of ammunition were fired.  Even though Plaintiff was not involved in the fight, he was shot and injured.  Defendants discriminated against Plaintiff by shooting and injuring him.

Plaintiff asks for $425,000 in damages.

III.   **ANALYSIS**

   A.   **42 U.S.C. § 1983 Claims**

42 U.S.C. § 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  § 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

   B.   **Fourteenth Amendment – Equal Protection**

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike."  City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  An equal protection claim may be established in two ways.  The first method requires a plaintiff to show that the defendant has intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class.  See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001).  Under this theory of equal protection, the plaintiff must show that the defendant's actions were a result of the plaintiff's membership in a suspect class, such as race, religion, or alienage.  Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Plaintiff previously was advised of the deficiencies in his Complaint and what would be necessary to correct them.  He has not done so.  He has failed to follow the Court's directions.  He still does not allege that he was part of a protected class or that any Defendants' actions were a result of Plaintiff's membership in a suspect class.  Plaintiff has failed to state an equal protection claim.

If the action does not involve a suspect classification, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); San Antonio School District v. Rodriguez, 411 U.S. 1 (1972); SeaRiver Mar. Fin. Holdings, Inc. v. Mineta, 309 F.3d 662, 679 (9th Cir. 2002). To state an equal protection claim under this theory, a plaintiff must allege that: (1) the plaintiff is a member of an identifiable class; (2) the plaintiff was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. Village of Willowbrook, 528 U.S. at 564.

Plaintiff has not alleged facts to satisfy any of these three factors.

No useful purpose would be served by yet again advising Plaintiff of what is necessary to plead a cognizable claim or by giving him further leave to amend.

## IV.    CONCLUSION AND RECOMMENDATION

Plaintiff's First Amended Complaint fails to state any claims upon which relief may be granted under section 1983. Plaintiff was previously notified of the deficiencies in his claims and given leave to amend. Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's action be dismissed for failure to state any claims under 42 U.S.C. § 1983.

///
///
///
///
///
///
///
///
///

4

1         These Findings and Recommendations will be submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

3   thirty (30) days after being served with these Findings and Recommendations, Plaintiff may

4   file written objections with the Court.   The document should be captioned "Objections to

5   Magistrate Judge's Findings and Recommendations."   Plaintiff is advised that failure to file

6   objections within the specified time may waive the right to appeal the District Court's order.

7   Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

8

9   IT IS SO ORDERED.

10

11       Dated:   __April 28, 2014__          __/s/ Michael J. Seng__

12                                     UNITED STATES MAGISTRATE JUDGE