UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE LEON DEWS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | CASE NO. 1:12-cv-0245-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR REPORTER'S TRANSCRIPT AT GOVERNMENT EXPENSE**<br><br>**(ECF No. 55)** |

　　Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983.

　　On April 28, 2014, the undersigned filed findings and recommendations that Plaintiff's action be dismissed for failure to state a claim. (ECF No. 43.) On June 30, 2014, the District Judge assigned to this case adopted the findings and recommendations (ECF No. 49), judgment was entered thereon (ECF No. 50), and the case was closed.

　　Plaintiff appealed the dismissal to the United States Court of Appeals for the Ninth Circuit (ECF No. 51), which has not yet ruled on the appeal.

　　Before the Court is Plaintiff's August 6, 2014 pleading, which appears to be a request for an unspecified reporter's transcript at government expense. (ECF No. 55.)

A litigant who has been granted in forma pauperis status may move to have transcripts produced at government expense. See 28 U.S.C. § 753(f); McKinney v. Anderson, 924 F.2d 1500, 1511-12 (9th Cir. 1991), overruled on other grounds by Helling v. McKinney, 502 U.S. 903 (1991). Two statutes must be considered whenever the District Court receives a request to prepare transcripts at the government's expense. First, 28 U.S.C. § 1915(c) defines the limited circumstances under which the Court can direct the government to pay for transcripts for a litigant proceeding in forma pauperis:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f); Henderson v. United States, 734 F.2d 483, 484 (9th Cir. 1984). A "substantial question" under § 753(f) is "one which is 'reasonably debatable' based on an objective standard." United States v. Frost, 344 F. Supp. 2d 206, 208 n.1 (D. Me. 2004) (citation omitted). "In addition, the requested trial transcript must be 'required for proper appellate review.'" Id.

Here, neither the District Court nor the Court of Appeals has required the record on appeal or a transcript of any proceedings. Based on Plaintiff's notice of appeal, the Court finds that the appeal does not present a substantial question, and there is no

indication that any transcript is necessary for proper appellate review. See id. (transcript denied where indigent party failed to specify grounds for appeal).

In addition, Plaintiff is notified that the Court of Appeals has access to the District Court's file in this case, and will request directly from this Court any necessary documents that are in the record. If Plaintiff desires copies of documents contained in the record he may request such from the District Court Clerk at $0.50 per page.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion for Reporter's Transcript at Government Expense (ECF No. 55) is DENIED. Plaintiff may renew his request for a transcript at government expense with the Court of Appeals by filing a motion there if he wishes.

IT IS SO ORDERED.

Dated:   August 19, 2014              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE